UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEVIN JONES, *et al.*, | ) Case No. 1:20-cv-00511 |
| Plaintiffs, | ) Judge J. Philip Calabrese |
| v. | ) Magistrate Judge |
| | ) William H. Baughman, Jr. |
| LUBRIZOL ADVANCED MATERIALS, INC., *et al.*, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiffs Kevin and Janet Jones of Arizona and Douglas Cochrane of Massachusetts seek partial reconsideration of the Court's ruling granting in part and denying in part Defendants' motions to dismiss.

Although the rules do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or for obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration. This is so even though, strictly speaking, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revisited at any time before the entry of judgment[.]" Fed. R. Civ. P. 54(b).

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent

manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

The Joneses argue that the Court committed a clear error of law in dismissing their tort claims pursuant to Arizona's economic loss doctrine. Simply, Plaintiffs contend that the doctrine does not bar their tort claims at all because they do not seek damages for *purely* economic loss. In any event, Plaintiffs maintain that the doctrine does not bar their tort claims against Lubrizol, with which they had no contractual relationship. At bottom, Plaintiffs seek to relitigate an issue the Court took up and considered over many months with the benefit of briefing from counsel. Upon reexamination of the authorities on which Plaintiffs rely and the arguments they make (again) based on them, the Court adheres to its prior interpretation of the economic loss rule under Arizona law and reaches the same conclusion.

Similarly, Mr. Cochrane argues that the Court clearly erred because Massachusetts cases do not apply the economic loss doctrine where the components of a home cause damage to real property. Aside from the fact that Plaintiff could have made this argument in opposing Defendants' motions to dismiss, but chose not to do so, the authorities on which Plaintiff relies do not create the categorical rule claimed. *See, e.g.*, *Adams v. Whitman*, No. 01-1989B, 2007 WL 2706148, at *4, 2007 Mass. Super. LEXIS 332, at *11 (Mass. Super. Aug. 16, 2007) (applying economic loss doctrine where the components of a home caused property damage). In making this

2

argument, he also suggests that his consolidated amended complaint does not support construing the product at issue as his home—implying that Mr. Cochrane contracted for installation of FlowGuard Gold plumbing instead. No pleaded fact, however, supports such an inference. To the contrary, the first amended complaint alleges "Cochrane's FlowGuard Gold pipes and fittings were . . . installed in Cochrane's home during the 2008 construction of the home, which Cochrane contracted to have built." (ECF No. 1, ¶ 34, PageID #188.) Absent some factual basis in the consolidated amended complaint, Plaintiff's criticism of the Court's ruling on this point depends on liberally construing the allegations in his favor to the point of implausibility.

Additionally, Plaintiff argues that he alleges damage to property other than his house, namely furnishings damaged when his pipes ruptured. In this respect, Plaintiff is correct. In the consolidated amended complaint, Mr. Cochrane alleges that defective FlowGuard Gold pipes "caused damage to his ceiling tiles, trim, carpet and furniture." (ECF No. 17, ¶ 35, PageID #188.) Massachusetts law limits recovery in tort under the economic loss doctrine to damages to property other than the product itself. Lubrizol concedes as much. (ECF No. 36, PageID #738–39.) Charlotte Pipe argues that "Cochrane only alleges damage to his home" (ECF No. 38, PageID #801), but the consolidated amended complaint says otherwise. Because Mr. Cochrane alleges damages to property other than the product at issue, his claims for negligence (Count I) and negligent failure to warn (Count II) may proceed.

3

## CONCLUSION

For all the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiffs' motion for partial reconsideration. ([ECF No. 46](#).) Accordingly, the Court updates its summary table to reflect the disposition of the claims asserted in the consolidated amended complaint:

|   |   | Joneses (AZ) | Cochrane (MA) | Baker (WA) | Martin (MI) |
|---|---|---|---|---|---|
| I | Negligence | ✗ | ✓ |   | ✗ |
| II | Negligent failure to warn | ✗ | ✓ |   | ✗ |
| III | Strict liability design defect | ✗ |   |   |   |
| IV | Strict liability manufacturing defect | ✗ |   |   |   |
| V | Strict liability failure to warn | ✗ |   |   |   |
| VI | Breach of express warranty | ⊘ | ⊘ | ⊘ | ⊘ |
| VII | Breach of implied warranty of merchantability |   | ✗ | ✗ | ✗ |
| VIII | Violation of Magnuson-Moss Warranty Act | ✗ | ✗ |   | ✗ |
| IX | Violation of WA Products Liability Act |   |   | ✗ |   |
| X | Unjust Enrichment | ✗ | ✗ | ✗ | ✗ |
| XI | Fraudulent Concealment | ✗ | ✗ | ✗ | ✗ |
| XII | Violation of AZ Consumer Fraud Act | ✗ |   |   |   |
| XIII | MA Statutory Violations |   | ⊘ |   |   |

| XIV | Violation of WA Consumer Protection Act | | | ✗ | |
|---|---|---|---|---|---|
| XV | Violation of MI Consumer Protection Act | | | | ⊘ |
| XVI | Declaratory judgment & injunctive relief | ✓ | ✓ | ✓ | ✓ |

Given the considerable time the Court has already spent at the pleading stage in this case, it is difficult to conceive of a circumstance in which the Court would exercise its discretion to consider another motion for reconsideration from any party.

**SO ORDERED.**

Dated: October 6, 2021

                                            J. Philip Calabrese
                                            United States District Judge
                                            Northern District of Ohio