IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN JONES, *et al.*, | § | CASE NO. 1:20-cv-00511 |
| | § | |
| Plaintiffs, | § | JUDGE J. PHILIP CALABRESE |
| | § | |
| v. | § | |
| | § | |
| | § | **JOINT ANSWER OF DEFENDANTS,** |
| LUBRIZOL ADVANCED MATERIALS, | § | **LUBRIZOL ADVANCED** |
| INC., *et al.* | § | **MATERIALS, INC. AND THE** |
| | § | **LUBRIZOL CORPORATION TO** |
| Defendants. | § | **PLAINTIFFS' SECOND AMENDED** |
| | § | **COMPLAINT** |

For their Answer to the Second Amended Complaint filed by Plaintiffs, Kevin and Janet Jones, Douglas Cochrane, Donna Baker, and Catherine Martin (the "Second Amended Complaint"), Defendants, Lubrizol Advanced Materials, Inc. ("LZAM") and The Lubrizol Corporation (jointly, the "Lubrizol Defendants"), state as follows:

**INTRODUCTION**

1. In response to Paragraph 1 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

2. In response to Paragraph 2 of the Second Amended Complaint, the Lubrizol Defendants admit that LZAM makes chlorinated polyvinyl chloride (CPVC) resins and compounds for use in plumbing pipes and fittings that LZAM sells to pipe manufactures, including Defendants, Charlotte Pipe and Foundry Company ("Charlotte") and Cresline Plastics Pipe Co., Inc. ("Cresline"), and deny the remaining allegations for want of information sufficient to form a belief as to their truth.

3.      In response to Paragraph 3 of the Second Amended Complaint, the Lubrizol Defendants admit that LZAM's CPVC resins and compounds are quality products and that LZAM has truthfully touted the quality of those products.  LZAM further admits that FlowGuard® Gold is the "most well-established non-metallic piping product[] in the market," that "millions of homes and businesses around the world trust" FlowGuard® Gold, and that FlowGuard®, as certified by third parties like the Plastics Pipes Institute (PPI), tests above a certified hydrostatic design stress of 500 psi at 180°F and, therefore, in accordance with the PPI certification, that pipes/fittings made from FlowGuard® Gold compounds are indisputably "designed" for a life expectancy commensurate with that third party certification, although results will certainly vary if the final system is not properly designed, installed, and/or maintained in the subject building.  The Lubrizol Defendants deny any remaining allegations for want of information sufficient to form a belief as to their truth.

4.      In response to Paragraph 4 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

5.      The Lubrizol Defendants deny the allegations in Paragraph 5 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

**<u>JURISDICTION</u>**

6.      In response to Paragraph 6 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

7.  In response to Paragraph 7 of the Second Amended Complaint, the Lubrizol Defendants admit that they are subject to this Court's personal jurisdiction and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

8.  The Lubrizol Defendants admit the allegations in Paragraphs 8 and 9 of the Second Amended Complaint.

## PARTIES

9.  The Lubrizol Defendants deny the allegations in Paragraphs 10 through 13 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

10.  In response to Paragraph 14 of the Second Amended Complaint, the Lubrizol Defendants admit that LZAM is a corporation that does business in the State of Ohio.

11.  In response to Paragraph 15 of the Second Amended Complaint, the Lubrizol Defendants admit that Lubrizol is a corporation that does business in the State of Ohio.

12.  In response to Paragraph 16 of the Second Amended Complaint, the Lubrizol Defendants admit that LZAM designed, manufactures, and markets FlowGuard® Gold resins and compounds and deny the remaining allegations.

13.  The Lubrizol Defendants deny the allegations in Paragraphs 17 and 18 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

14.  In response to Paragraph 19 of the Second Amended Complaint, the Lubrizol Defendants admit that LZAM licenses the mark FlowGuard® Gold to Charlotte and Cresline and deny the remaining allegations.

## FACTUAL ALLEGATIONS

**A.      Plaintiffs Kevin and Janet Jones's Factual Allegations**

15.      The Lubrizol Defendants deny the allegations in Paragraph 20 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

16.      In response to Paragraph 21 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

17.      The Lubrizol Defendants deny the allegations in Paragraphs 22 through 32 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

**B.      Plaintiff Douglas Cochrane's Factual Allegations**

18.      The Lubrizol Defendants deny the allegations in Paragraph 33 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

19.      In response to Paragraph 34 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

20.      The Lubrizol Defendants deny the allegations in Paragraphs 35 through 38 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

21.      In response to Paragraph 39 of the Second Amended Complaint, the Lubrizol Defendants admit that LZAM prepared a report dated February 3, 2020 which concluded the "tee fitting ha[d] failed due to environmental stress cracking caused by exposure on the exterior to

incompatible plasticizers and nonionic surfactants," and that "[t]here were no manufacturing defects observed in either the pipes or the fitting," and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

22.    In response to Paragraph 40 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

23.    The Lubrizol Defendants deny the allegations in Paragraphs 41 and 42 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

24.    In response to Paragraph 43 of the Second Amended Complaint, the Lubrizol Defendants admit the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

25.    In response to Paragraph 44 of the Second Amended Complaint, the Lubrizol Defendants admit that counsel for LZAM responded to Mr. Cochrane's 93A Demand on June 3, 2020, deny the remaining allegations that pertain to them, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

26.    The Lubrizol Defendants deny the allegations in Paragraphs 45 and 46 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

**C.    Plaintiff Donna Baker's Factual Allegations**

27.    The Lubrizol Defendants deny the allegations in Paragraph 47 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

28.    In response to Paragraph 48 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

29.    The Lubrizol Defendants deny the allegations in Paragraphs 49 through 57 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

D.    **Plaintiff Catherine Martin's Factual Allegations**

30.    The Lubrizol Defendants deny the allegations in Paragraph 58 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

31.    In response to Paragraph 59 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

32.    The Lubrizol Defendants deny the allegations in Paragraphs 60 through 71 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

E.    **The FlowGuard® Gold Pipes and Fittings**

33.    The Lubrizol Defendants admit the allegations in Paragraphs 72 and 73 of the Second Amended Complaint.

34.    In response to Paragraph 74 of the Second Amended Complaint, the Lubrizol Defendants admit that LZAM makes CPVC resins and compounds for use in plumbing pipes and fittings that LZAM sells to pipe manufactures, including Charlotte and Cresline, and that LZAM licenses the mark FlowGuard® Gold to Charlotte to Cresline; deny the remaining allegations that

6

pertain to them; and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

35. In response to Paragraph 75 of the Second Amended Complaint, the Lubrizol Defendants admit that FlowGuard® Gold pipes and fittings are marketed and sold for use in residential and commercial buildings, deny the remaining allegations that pertain to them, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

**F.     Defendants' Representations Concerning FlowGuard® Gold**

36. In response to Paragraphs 76 through 82 of the Second Amended Complaint, the Lubrizol Defendants admit the allegations that pertain to LZAM, deny the allegations that pertain to Lubrizol, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

37. The Lubrizol Defendants deny the allegations in Paragraphs 83 through 85 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

38. The Lubrizol Defendants deny the allegations in Paragraphs 86 through 92 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

39. In response to Paragraphs 93 of the Second Amended Complaint, the Lubrizol Defendants admit that FlowGuard® resins and compounds meet "certain industry standards," admit that LZAM has "advertised" this fact, deny the remaining allegations that pertain to them, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

7

40. The Lubrizol Defendants deny the allegations in Paragraph 94 of the Second Amended Complaint

41. In response to Paragraph 95 of the Second Amended Complaint, the Lubrizol Defendants admit the allegations that pertain to LZAM, deny the allegations that pertain to Lubrizol, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

42. In response to Paragraph 96 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

**G.    FlowGuard® Gold Warranties**

43. The Lubrizol Defendants deny the allegations in Paragraphs 97 through 104 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

44. In response to Paragraph 105 of the Second Amended Complaint, the Lubrizol Defendants admit that, as a service to its licensees, LZAM will, at times, perform failure analysis and issue reports styled as "Technical Documents"; deny that they perform any role, let alone an "active" role, in Charlotte's and/or Cresline's warranty process; deny that they have ever listed a "specious excuse" as part of a failure analysis; and deny any remaining allegations.

45. In response to Paragraphs 106 through 108 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

**H.      Defendants' Knowledge of and Notice that FlowGuard® Gold Was and Is Defective**

46.      In response to Paragraphs 109 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

47.      In response to Paragraph 110 of the Second Amended Complaint, the Lubrizol Defendants admit that LZAM devotes content on its website to discussion about expansion, contraction, and repair; deny that they were on notice of "on-line postings"; deny the remaining allegations that pertain to them, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

48.      In response to Paragraph 111 of the Second Amended Complaint, the Lubrizol Defendants admit that LZAM devotes content on its website to the handling of aged pipe, deny that this content demonstrates "awareness" of "failures," admit the remaining allegations that pertain to LZAM, and deny the allegations that pertain to Lubrizol.

49.      The Lubrizol Defendants deny the allegations in Paragraph 112 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

50.      In response to Paragraph 113 of the Second Amended Complaint, the Lubrizol Defendants admit that LZAM devotes content on its website to the handling of aged pipe, deny that FlowGuard® Gold resins or compounds are defective, deny that they have failed to warn about known defects, deny the remaining allegations that pertain to them, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

51.      In response to Paragraphs 114 and 115 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

**I.      Plaintiffs and the Class Have Been Injured by Defendants' Actions**

52.      In response to Paragraph 116 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

53.      In response to Paragraph 117 of the Second Amended Complaint, the Lubrizol Defendants admit that LZAM "continue[s] to advertise and sell FlowGuard Gold for use in homes and other structures"; deny the remaining allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

54.      In response to Paragraph 118 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

55.      The Lubrizol Defendants deny the allegations in Paragraph 119 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

56.      In response to Paragraphs 120 through 124 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

**ESTOPPEL FROM PLEADING THE STATUTE OF LIMITATIONS**

57.      In response to Paragraphs 125 through 129 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

**FIRST CAUSE OF ACTION**
**Negligence**

58.      In response to Paragraph 130 of the Second Amended Complaint, the Lubrizol Defendants incorporate by reference Paragraphs 1 through 57 hereof as if fully rewritten herein.

10

59.     In response to Paragraph 131 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations brought by Mr. Cochrane for want of knowledge or information sufficient to form a belief as to their truth.  The remaining allegations in Paragraph 131 of the Second Amended Complaint have been dismissed by the court.  See ECF No. 39, at 24-29, 59-64, 119.

60.     In response to Paragraph 132 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations brought by Mr. Cochrane that pertain to LZAM and Lubrizol and deny the remaining allegations brought by Mr. Cochrane for want of knowledge or information sufficient to form a belief as to their truth.  The remaining allegations in Paragraph 132 of the Second Amended Complaint have been dismissed by the court.  See ECF No. 39, at 24-29, 59-64, 119.

61.     The Lubrizol Defendants deny the allegations brought by Mr. Cochrane in Paragraphs 133 through 138 of the Second Amended Complaint.  The remaining allegations in Paragraphs 133 through 138 of the Second Amended Complaint have been dismissed by the court. *See* ECF No. 39, at 24-29, 59-64, 119.

**SECOND CAUSE OF ACTION**
**Negligent Failure to Warn**

62.     In response to Paragraph 139 of the Second Amended Complaint, the Lubrizol Defendants incorporate by reference Paragraphs 1 through 61 hereof as if fully rewritten herein.

63.     In response to Paragraph 140 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations brought by Mr. Cochrane for want of knowledge or information sufficient to form a belief as to their truth.  The remaining allegations in Paragraph 140 of the Second Amended Complaint have been dismissed by the court.  See ECF No. 39, at 29, 64, 119.

64.     In response to Paragraphs 141 through 143 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations brought by Mr. Cochrane that pertain to LZAM and

11

Lubrizol and deny the remaining allegations brought by Mr. Cochrane for want of knowledge or information sufficient to form a belief as to their truth.  The remaining allegations in Paragraphs 141 through 143 of the Second Amended Complaint have been dismissed by the court.  See ECF No. 39, at 29, 64, 119.

65.    The Lubrizol Defendants deny the allegations brought by Mr. Cochrane in Paragraphs 144 through 147 of the Second Amended Complaint.  The remaining allegations in Paragraphs 144 through 147 of the Second Amended Complaint have been dismissed by the court. See ECF No. 39, at 29, 64, 119.

66.    The Lubrizol Defendants deny the allegations brought by Mr. Cochrane in Paragraph 148 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.  The remaining allegations in Paragraph 148 of the Second Amended Complaint have been dismissed by the court.  See ECF No. 39, at 29, 64, 119.

67.    The Lubrizol Defendants deny the allegations brought by Mr. Cochrane in Paragraphs 149 through 150 of the Second Amended Complaint.  The remaining allegations in Paragraphs 149 through 150 of the Second Amended Complaint have been dismissed by the court. *See* ECF No. 39, at 29, 64, 119.

**THIRD CAUSE OF ACTION**
**Strict Liability – Design Defect**

68.    Paragraphs 151 through 161 of the Second Amended Complaint have been dismissed by the court.  *See* ECF No. 39, at 64-65, 119.

**FOURTH CAUSE OF ACTION**
**Strict Liability – Manufacturing Defect**

69.    Paragraphs 162 through 170 of the Second Amended Complaint have been dismissed by the court.  *See* ECF No. 39, at 65, 119.

**FIFTH CAUSE OF ACTION**
**Strict Liability – Failure to Warn**

70.     Paragraphs 171 through 181 of the Second Amended Complaint have been dismissed by the court.  *See* ECF No. 39, at 65, 119.

**SIXTH CAUSE OF ACTION**
**Breach of Express Warranty**

71.     In response to Paragraph 182 of the Second Amended Complaint, the Lubrizol Defendants incorporate by reference Paragraphs 1 through 70 hereof as if fully rewritten herein.

72.     The Lubrizol Defendants deny the allegations in Paragraph 183 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

73.     In response to Paragraph 184 of the Second Amended Complaint, the Lubrizol Defendants admit the allegations that pertain to LZAM, deny the allegations that pertain to Lubrizol, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

74.     The Lubrizol Defendants deny the allegations in Paragraphs 185 through 188 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

75.     In response to Paragraphs 189 through 192 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

76.     The Lubrizol Defendants deny the allegations in Paragraph 193 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

13

77. The Lubrizol Defendants deny the allegations in Paragraph 194 of the Second Amended Complaint.

78. In response to Paragraph 195 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

79. The Lubrizol Defendants deny the allegations in Paragraphs 196 through 201 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

80. In response to Paragraph 202 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

81. The Lubrizol Defendants deny the allegations in Paragraphs 203 through 207 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

82. The Lubrizol Defendants deny the allegations in Paragraph 208 of the Second Amended Complaint.

83. In response to Paragraph 209 of the Second Amended Complaint, the Lubrizol Defendants deny that FlowGuard® Gold compounds, pipes, or fittings are defective, deny that they failed to warn of defects of which they were aware, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

84. In response to Paragraphs 210 and 211 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

**SEVENTH CAUSE OF ACTION**
**Breach of Implied Warranty of Merchantability**

85.     Paragraphs 212 through 224 of the Second Amended Complaint have been dismissed by the court.  *See* ECF No. 39, at 45, 91-92, 110, 119.

**EIGHTH CAUSE OF ACTION**
**Violation of the Magnuson-Moss Warranty Act**
**(15 U.S.C. § 2301, *et seq.*)**

86.     Paragraphs 225 through 234 of the Second Amended Complaint have been dismissed by the court.  *See* ECF No. 39, at, 45-47,  77, 111, 119.

**NINTH CAUSE OF ACTION**
**Violation of the Washington Products Liability Act, RCW 7.72, *et seq.***

87.     Paragraphs 235 through 244 of the Second Amended Complaint have been dismissed by the court.  *See* ECF No. 39, at 92-98, 119.

**TENTH CAUSE OF ACTION**
**Unjust Enrichment**

88.     Paragraphs 245 through 251 of the Second Amended Complaint have been dismissed by the court.  *See* ECF No. 39, at 47-49, 77-78, 98-99, 111, 119.

**ELEVENTH CAUSE OF ACTION**
**Fraudulent Concealment**

89.     Paragraphs 252 through 261 of the Second Amended Complaint have been dismissed by the court.  *See* ECF No. 39, at 49-53, 78-80, 99-101, 112, 119.

**TWELFTH CAUSE OF ACTION**
**Violation of the Arizona Consumer Fraud Act, ARIZ. REV. STAT. § 44-1521, *et seq.***

90.     Paragraphs 262 through 270 of the Second Amended Complaint have been dismissed by the court.  *See* ECF No. 39, at 80-82, 119.

**THIRTEENTH CAUSE OF ACTION**
**Violation of Massachusetts General Laws c. 93A §§ 2, 9**

91.     In response to Paragraph 271 of the Second Amended Complaint, the Lubrizol Defendants incorporate by reference Paragraphs 1 through 90 hereof as if fully rewritten herein.

92.     The Lubrizol Defendants deny the allegations in Paragraph 272 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

93.     In response to Paragraphs 273 through 278 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

94.     In response to Paragraph 279 of the Second Amended Complaint, the Lubrizol Defendants admit that Lubrizol received a 93A Demand on May 4, 2020 from an attorney representing Mr. Cochran and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

95.     In response to Paragraph 280 of the Second Amended Complaint, the Lubrizol Defendants admit that counsel responded to Mr. Cochrane's 93A Demand on June 3, 2020, deny the remaining allegations that pertain to them, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

96.     In response to Paragraph 281 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

**FOURTEENTH CAUSE OF ACTION**
**Violation of the Washington Consumer Protection Act, RCW § 19.86, *et seq.***

97.     Paragraphs 282 through 291 of the Second Amended Complaint have been dismissed by the court.  *See* ECF No. 39, at 101-103, 119.

**FIFTEENTH CAUSE OF ACTION**
**Violation of the Michigan Consumer Protection Act,**
**Mich. Comp. Laws § 445.901, *et seq.***

98. In response to Paragraph 292 of the Second Amended Complaint, the Lubrizol Defendants incorporate by reference Paragraphs 1 through 97 hereof as if fully rewritten herein.

99. The Lubrizol Defendants deny the allegations in Paragraphs 293 through 295 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

100. The Lubrizol Defendants admit the allegations in Paragraph 296 of the Second Amended Complaint.

101. In response to Paragraphs 297 through 300 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

102. The Lubrizol Defendants deny the allegations in Paragraphs 301 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

**SIXTEENTH CAUSE OF ACTION**
**Declaratory and Injunctive Relief**

103. In response to Paragraph 302 of the Second Amended Complaint, the Lubrizol Defendants incorporate by reference Paragraphs 1 through 102 hereof as if fully rewritten herein.

104. The Lubrizol Defendants deny the allegations in Paragraph 303 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

105. The Lubrizol Defendants deny the allegations in Paragraphs 304 and 305 of the Second Amended Complaint.

17

106.    The Lubrizol Defendants admit the allegations in Paragraphs 306 of the Second Amended Complaint.

107.    In response to Paragraph 307 of the Second Amended Complaint, the Lubrizol Defendants admit that they have "refused to acknowledge" that FlowGuard® Gold resins or compounds are defective, deny that FlowGuard® Gold resins or compounds are defective, deny that there have been "repeated failures" of FlowGuard® Gold resins or compounds, deny the remaining allegations that pertain to them, and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

108.    In response to Paragraphs 308 and 309 of the Second Amended Complaint, the Lubrizol Defendants deny the allegations that pertain to them and deny the remaining allegations for want of knowledge or information sufficient to form a belief as to their truth.

109.    The Lubrizol Defendants deny the allegations in Paragraph 310 of the Second Amended Complaint for want of knowledge or information sufficient to form a belief as to their truth.

## GENERAL DENIAL

110.    The Lubrizol Defendants deny each and every allegation or request for relief not expressly and unconditionally admitted herein.

## AFFIRMATIVE DEFENSES

1.    The Second Amended Complaint fails to state a claim against the Lubrizol Defendants upon which relief may be granted.

2.    Lubrizol is not a proper party to this lawsuit.  It does not manufacture component materials for pipes and fittings.

18

3.      Plaintiffs' claims are barred because the Lubrizol Defendants performed in a manner consistent with all of their legal, contractual, and administrative obligations, and were not negligent.

4.      Plaintiffs' claims are barred due to waiver.

5.      Plaintiffs are estopped from bringing their claims against the Lubrizol Defendants.

6.      Plaintiffs' claims are barred due to laches.

7.      Plaintiffs' claims are barred because neither LZAM's nor Lubrizol's conduct was the proximate cause of any injuries suffered by Plaintiffs.

8.      Plaintiffs' claims are barred due to assumption of the risk.

9.      Plaintiffs' claims are barred due to the "open and obvious" doctrine.

10.     Plaintiffs' claims are reduced or barred due to Plaintiffs' contributory negligence and/or comparative fault.

11.     Plaintiffs' claims are barred by the relevant statutes of limitations.

12.     Plaintiffs' claims are barred by the relevant statutes of repose.

13.     Plaintiffs' claims are barred because LZAM is a component part manufacturer and, therefore, the Lubrizol Defendants owed Plaintiffs no duty with regard to the end product and because the Lubrizol Defendants breached no duty.

14.     Plaintiffs' claims are barred because, prior to sale by LZAM, LZAM's products conformed to the state of the art, as distinguished from industry standards, applicable to such products in existence at the time of sale.

15.     Plaintiffs' claims are barred because LZAM's products complied with, at the time of sale by LZAM, any applicable code, standard, or regulation adopted or promulgated by the United States or by this state, or by any agency of the United States or of this state.

19

16.     Plaintiffs' claims are barred because LZAM's products neither are expected to, nor do, reach the user or consumer without substantial change in the condition in which they are sold by LZAM.

17.     Plaintiffs' claims are barred because the Lubrizol Defendants issued no affirmation of fact or promise concerning its products.

18.     Plaintiffs' claims are barred for lack of reliance on any affirmation of fact or promise concerning the Lubrizol Defendants' products.

19.     Plaintiffs' claims are barred because Plaintiffs are not an expected user or consumer of the raw materials manufactured by LZAM and/or Lubrizol.

20.     Plaintiffs' claims are barred because no person, including Plaintiffs, relied on the Lubrizol Defendants' "skill or judgment to select or furnish suitable goods."

21.     Plaintiffs' claims are barred because the Lubrizol Defendants made no specific representations of fact in connection with the sale of the products.

22.     Plaintiffs' claims are barred due to their failure to join persons who are necessary and/or indispensable parties.

23.     Plaintiffs' claims are barred because Plaintiffs have failed to preserve, or otherwise have spoiled, relevant evidence.

24.     Plaintiffs' claims may be barred or limited by the acts of one or more third persons over whom the Lubrizol Defendants had no agency or control and for whose actions they are liable.

25.     Plaintiffs' damages are reduced by the liability of Plaintiffs and persons not made party to this action.

WHEREFORE, Defendants, Lubrizol Advanced Materials, Inc. and The Lubrizol Corporation, request that Plaintiffs' Second Amended Complaint be dismissed with prejudice at

Plaintiffs' costs, and that the Lubrizol Defendants be awarded their attorneys' fees, costs, and such other and further relief as the Court may deem just.

Respectfully submitted,

Dated: March 8, 2022

s/ *Jeffrey J. Lauderdale*

JEFFREY J. LAUDERDALE
NADA G. FADDOUL
THE LUBRIZOL CORPORATION
29400 Lakeland Boulevard
Cleveland, Ohio 44092
Phone: (440) 347-5753
Fax: (440) 347-2828
*jeffrey.lauderdale@lubrizol.com*
*nada.faddoul@lubrizol.com*

**Attorneys for Defendants,**
**Lubrizol Advanced Materials, Inc. and**
**The Lubrizol Corporation**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Joint Answer of Defendants Lubrizol Advanced Materials, Inc. and The Lubrizol Corporation to Plaintiffs' Second Amended Complaint* was filed electronically on March 8, 2022.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ *Jeffrey J. Lauderdale*

**One of the Attorneys for Defendants,**
**Lubrizol Advanced Materials, Inc. and**
**The Lubrizol Corporation**